UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-23187-RAR

**JERRY NEIL ALFRED**,

    Petitioner,

v.

**RICKY D. DIXON**,

    Respondent.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** comes before the Court on *pro se* Petitioner Jerry Neil Alfred's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. [ECF No. 4] ("Am. Pet.").[1] Petitioner challenges the constitutionality of his convictions and sentences entered by the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, in Case No. F98-35550. *Id.* at 1. Petitioner alleges the State "obtained Petitioner's criminal conviction through fraud" when it "produced a falsified transcript of [a key witness's] statement to police[.]" *Id.* at 17. This is Petitioner's ninth § 2254 petition and is (at least) the third time he has raised this "false evidence" argument in these successive petitions. Petitioner has been warned that continuing to "file successive § 2254 petitions without first receiving permission from the Eleventh Circuit" in this Court would result in sanctions. *Alfred v. Dixon*, No. 23-21892, 2023 WL 3686787, at *3 (S.D.

---

[1] Petitioner originally filed this action in the United States District Court for the Northern District of Florida and labeled his operative pleading as a "Petition for Writ of Mandamus." *See* Petition [ECF No. 1]. United States Magistrate Judge Zachary C. Bolitho found that this "mandamus petition" was actually challenging the constitutionality of Petitioner's state-court conviction, reconstrued the Petition as a § 2254 petition, and ordered Petitioner to file an amended petition on the proper form. *See* Order Requiring Amended Petition [ECF No. 3] at 1–2. Magistrate Judge Bolitho then ordered that the Amended Petition be transferred to this Court when it became clear that Petitioner was challenging a criminal judgment that had been issued in Miami-Dade County, Florida. *See* Order Transferring Case [ECF No. 6] at 1.

Fla. May 26, 2023).  Petitioner has ignored this warning, so the Court has no choice but to **DISMISS** Petitioner's successive habeas petition and sanction Petitioner for his history of malicious and frivolous filings.

Once a petitioner files a § 2254 petition that is adjudicated on the merits, he or she is generally barred from filing a subsequent petition pursuant to § 2244(b).  *See Panetti v. Quarterman*, 551 U.S. 930, 947 (2007) ("In the usual case, a petition filed second in time and not otherwise permitted by the terms of § 2244 will not survive AEDPA's 'second or successive' bar.").  "Before a prisoner may file a second or successive habeas petition [in the district court], [he] first must obtain an order from the court of appeals authorizing the district court to consider the petition [pursuant to] 28 U.S.C. § 2244(b)(3)(A)."  *Thomas v. Sec'y, Fla. Dep't of Corr.*, 737 F. App'x 984, 985 (11th Cir. 2018).  "Absent such an order, the district court lacks jurisdiction to consider a second or successive habeas petition."  *Id.*; *see also Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Earlier this year, Petitioner filed a § 2254 petition which also alleged "that the 'State knowingly used false evidence' during his criminal trial."  *Alfred*, 2023 WL 3686787, at *1 (alterations accepted).  United States District Judge Roy K. Altman reviewed Petitioner's long history of filing unauthorized successive petitions in this Court and concluded that Petitioner had filed eight § 2254 petitions challenging his conviction in Case No. F98-35550, that all seven of the successive petitions were unauthorized, and that Petitioner's most recent habeas petitions had all repeated the same "false evidence" argument that Petitioner raises in the instant case.  *See id.* at *2 ("Undeterred, Alfred has now filed this eighth § 2254 petition, attacking the same state-court conviction he's tried (and failed) to challenge seven times already.  Indeed, this eighth petition is

virtually identical to the <u>sixth</u> petition he filed back in 2019—which, of course, one of our judges dismissed as successive."); *see also Alfred v. Sec'y, Fla. Dep't of Corr.*, 809 F. App'x 737, 738 (11th Cir. 2020) (summarizing the factual and procedural background of Petitioner's case at the time he filed his sixth § 2254 petition). The Court adopts Judge Altman's well-reasoned order and concludes that the Amended Petition is yet another successive § 2254 petition that was filed without authorization from the Eleventh Circuit.

Because the Petition is successive, this Court lacks jurisdiction to consider the contents therein since the Eleventh Circuit Court of Appeals must first grant Petitioner an application to file a second or successive petition. *See Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020) ("Absent authorization from [the court of appeals], the district court lacks jurisdiction to consider a second or successive habeas petition."); *accord* 28 U.S.C. § 2244(b)(3)(A). In addition, the Court cannot issue a certificate of appealability, as it lacks jurisdiction to consider the Petition. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) ("Without such authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims.").

Finally, the Court will address sanctions. Judge Altman warned Petitioner that "if he continues to file legally frivolous petitions, we <u>will</u> sanction him. These sanctions could include both monetary penalties and restrictions on his right to file future cases in this District." *Alfred*, 2023 WL 3686787, at *3 (citing *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc)). Petitioner not only ignored this warning, but, as Magistrate Judge Bolitho observed, he attempted to avoid this Court and the second and successive bar by filing this action in the Northern District of Florida as a "Petition for Writ of Mandamus." *See* Order Requiring Amended Petition [ECF No. 3] at 2 n.1 ("This purported mandamus action appears to be an attempt to circumvent the restrictions on filing a successive § 2254 petition."). Judge Altman also noted that "Florida's

[Third District Court of Appeal], the Florida Supreme Court, and the United States Supreme Court have all sanctioned Alfred for inundating their courts with meritless and frivolous filings." *Alfred*, 2023 WL 3686787, at *3 (citations omitted).

It is patently clear that Petitioner is an abusive litigant who, if left unchecked, will continue "harass those in positions of authority [and] grind the wheels of the judicial system to a halt." *Procup*, 792 F.2d at 1072.  The question is what sanction is appropriate to curb Petitioner's abusive litigation tactics.  "The only limitation on the court's discretion to enjoin abusive litigation is that courts are not permitted to completely bar all access to the courts." *Barash v. Kates*, 586 F. Supp. 2d 1323, 1326 (citing *Procup*, 792 F.2d at 1074).  The Eleventh Circuit has explicitly approved sanctions which "enjoin prisoner litigants from relitigating specific claims or claims arising from the same set of factual circumstances" and which "direct the litigant to seek leave of court before filing pleadings in any new or pending lawsuit." *Brewer v. United States*, 614 F. App'x 426, 428 (11th Cir. 2015) (cleaned up).  The Court finds that these two sanctions are reasonably tailored to curtail Petitioner's abusive litigation without unduly hindering his access to the courts.  Accordingly, the Court will enjoin Petitioner as follows:

1. Petitioner is hereby **prohibited** from filing any pleading which argues that his criminal conviction in Case No. F98-35550 is unconstitutional because the State of Florida produced "false evidence" during his trial.  The Court will **strike** any pleading that does not comply with this prohibition.

2. Petitioner must also seek leave of court before he files any § 2254 petition challenging his criminal conviction in Case No. F98-35550.  The Court will only grant leave to file this § 2254 petition if: (1) Petitioner certifies that the issues contained in the proposed filing are not frivolous, and (2) Petitioner satisfactorily explains why the successive § 2254 petition is being filed in this Court without authorization from the Eleventh Circuit.  Again, the Court will **strike** any pleading that does not comply or if the motion seeking leave is legally insufficient.

3. The Court's injunction will not apply if the United States Court of Appeals for the Eleventh Circuit authorizes Petitioner to file a second or successive habeas petition under the parameters of 28 U.S.C. § 2244(b)(3).

4. Petitioner is warned that, if he continues to file abusive pleadings despite these restrictions, the Court will not hesitate to impose additional sanctions against him.

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. The Amended Petition [ECF No. 4] is **DISMISSED** for lack of subject-matter jurisdiction.

2. All pending motions are **DENIED as moot**.

3. The Court hereby **ENJOINS** Petitioner from: (1) filing any pleading which argues that his conviction in Case No. F98-35550 was unconstitutionally procured with "false evidence," and (2) filing any § 2254 petition concerning Case No. F98-35550 without first seeking leave of court.

4. The Clerk is instructed to place Petitioner on this Court's **RESTRICTED FILER** list.

5. This case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of August, 2023.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:  Jerry Neil Alfred
DC # M12748
Blackwater River Correctional Institution
Inmate Mail/Parcels
5914 Jeff Ates Road
Milton, FL 32583
PRO SE